# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:95-00198-02

TREVOR LITTLE,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the addendum to the Presentence Investigation Report (PSI) from the Probation Office and received any materials submitted by the parties on this issue.

Based on the foregoing considerations, the Court finds that the Defendant is ineligible for a sentence reduction based on the 2011 amendments to U.S.S.G. § 2D.1.1. Accordingly,

Defendant's motions for a sentence reduction [Dockets 669 and 676] are **DENIED** and his objections [Docket 679] are **OVERRULED**.[*]

  **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

      ENTER:  June 14, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] Defendant maintains in his pro se pleadings that "a reduction should start from level 43," (Docket 669 at 1), and thus, his offense level should be reduced four levels from 43 to 39, (Docket 676 at 3). However, this reflects Defendant's misunderstanding of how an offense level is calculated. The Court determines an offense level in a specific order. U.S.S.G. § 1B1.1. In this instance, the Court calculates the base offense level using the 2011 Guidelines amendment at 34, a reduction from his original base offense level of 38. The Court then applies applicable enhancements, which increases the offense level to 44. An offense level of 44 is treated as an offense level of 43. U.S.S.G. § 5A, Application Note 2. Therefore, Defendant's Guidelines sentence is life imprisonment.