**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CRIMINAL ACTION NO. 2:95-cr-00198-01

TYHEIM LITTLE,

Defendant.

**MEMORANDUM OPINION AND ORDER**

*I. BACKGROUND*

On December 7, 1995, a federal grand jury returned an indictment against Defendant charging him with three felony offenses relating to distribution of crack cocaine. On May 3, 1996, a jury convicted Defendant on all three counts. On July 15, 1996, Defendant was sentenced by United States Chief District Judge, Charles H. Haden II to a life term of imprisonment, to run concurrently with a forty-year term of imprisonment. Judge Haden noted in the judgment order that Defendant should never be released from custody.

On January 5, 2012, the United States Probation Office filed an Addendum to Defendant's Presentence Report addressing Defendant's eligibility for a sentencing reduction pursuant to the 2011 amendments to the crack cocaine sentencing guidelines. The Addendum states that Defendant

is eligible for a two-level reduction under the 2011 amendments. The Addendum also states that if the reduction were granted, Defendant's base offense level would be lowered from Level 38 to 36 and his total offense level would be lowered from Level 44 to 42. With a criminal history category of IV, the new sentencing range would lowered from "Life" to "360 months to Life."

The Addendum further notes that Defendant was sanctioned by the Bureau of Prisons on eighteen occasions during the course of his incarceration. These sanctions, among other things, relate to Defendant's possession of dangerous weapons and intoxicants, and violent behavior or threats of violence. In the Addendum, the probation office concluded that, based on Defendant's conduct while incarcerated and the matters set forth in the presentence report, Defendant "poses a public safety risk."

On January 12, 2012, the United States filed a response to the Court's January 11, 2012 Order stating that it had no objection to the probation officer's determination that Defendant was eligible for a two-level sentencing reduction pursuant to the 2011 amendments to the crack cocaine sentencing guidelines; nor did the United States object to the probation office's recalculated sentencing guideline range. The United States, however, agrees with the probation officer's position that the Defendant poses a "significant public safety risk" based on Defendant's prison record.

On February 6, 2012, Federal Public Defender, Mary Lou Newberger, filed a memorandum on behalf of the Defendant arguing that Defendant's sentence should be reduced because Defendant has already been punished administratively for his prison misconduct by the loss of good time credit and privileges. Defendant further argues that since the time when Defendant was sentenced in 1996, the "legal landscape" in crack cocaine sentencing has dramatically changed, most notably in that a life sentence would no longer be required by Defendant's offense conduct and that the United States

Sentencing Guidelines are no longer mandatory. Defendant argues that if he were sentenced for the same conduct today, "he would likely receive a much lesser sentence that the one initially imposed." Defendant states that the Court is authorized under the 2011 amendments to reduce his sentence to 360 months in prison and urges the Court to do so.

## II. GOVERNING LAW

Consistent with the provisions of U.S.S.G. § 1B1.10, the Court may reduce a defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) permits a court to reduce the sentence of an eligible defendant after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(b)(1), a Sentencing Commission Policy Statement that governs this matter, provides in pertinent part:

**(1) In General**.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. . . .

Application Note (B) to U.S.S.G. § 1B1.10 states that in making the determination whether a reduction is warranted and the extent of any reduction, the Court must consider:

- the factors set forth in 18 U.S.C. § 3553(a);
- the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and
- post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment.

*III. DISCUSSION*

In the event that the Court were to grant Defendant a two-level reduction in sentence pursuant to the 2011 amendments to the crack cocaine sentencing guidelines, Defendant's release date is estimated to be in early April 2022. Defendant, as a consequence of his misconduct in prison, has lost 302 days of good time, time that is not likely to be restored. At the time Defendant was originally sentenced, he was a young man, just twenty-three years old. He has since served nearly seventeen years—most of his adult life—in a maximum security prison that offers no rehabilitative programs. The Court notes that, although Defendant's record of misconduct in prison is significant, it appears that he has not been cited for any violent conduct since 2006. As noted, a defendant's post-sentencing conduct is a factor for the Court's consideration in deciding whether a sentencing reduction should be given in cases such as this. Deferral of a ruling on whether Defendant should receive a two-level reduction is appropriate in this case because it will afford Defendant an opportunity to show the Court whether he has abandoned activities such as those reflected in his prison record or whether such misconduct will continue.

*IV. CONCLUSION*

Accordingly, this matter is held in **ABEYANCE** and is **CONTINUED GENERALLY**. The Court **DIRECTS** the United States Probation Office to contact the Bureau of Prisons case manager assigned to Defendant on an annual basis beginning one year from the date of entry of this Order and continuing for a period of five years, inquire about Defendant's conduct and behavior, and file annual reports with the Court memorializing its communications with the case manager.

Further, the Court **STRONGLY RECOMMENDS** to the Bureau of Prisons that Defendant be transferred from the United States Penitentiary in which he is currently housed to a facility where he can participate in rehabilitative programs.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:      June 21, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE